**Fa'Dee MULAZIM, Plaintiff–Appellant,**

v.

**K. McNAMARA, et al., Defendants–Appellees.**

No. 02–1308.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

*ORDER*

Fa'Dee Mulazim, a pro se Michigan state prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Mulazim sued two officers of the Michigan Department of Corrections (K. McNamara—Assistant Deputy Warden of Programs and R. Cady—Segregation Resident Unit Manager) without specifying in what capacity he sought relief from defendants.

In essence, Mulazim claimed that the defendants violated his constitutional rights by assigning him to a "double-bunking" cell in general population and by misdelivering his mail.

Inasmuch as Mulazim had filed at least three prior cases in the district court that were dismissed as frivolous or for failure to state a claim, the magistrate judge ordered Mulazim to show cause why the provision of 28 U.S.C. § 1915(g) should not bar him from proceeding without prepayment of the filing fee. Mulazim failed to adequately show cause and did not remit the requisite filing fee. Therefore, the district court dismissed the complaint under the "three strikes" provision of the Prison Litigation Reform Act.

Mulazim appeals that judgment, reasserts the claims that he set forth in the district court, and asks the court to reverse and remand the case to the district court for consideration on the merits.

To the extent that Mulazim contends that the district court violated his constitu-

tional rights by dismissing his complaint for failure to pay the filing fee pursuant to the "three strikes" provision of § 1915(g), he is mistaken. Similar arguments have been expressly rejected by the Sixth Circuit. *Wilson v. Yaklich,* 148 F.3d 596, 604–06 (6th Cir.1998). Under the Prison Litigation Reform Act, the district court shall deny a prisoner's request for leave to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, or malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g). Dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the "three strikes" referred to in § 1915(g). *Wilson,* 148 F.3d at 604. Mulazim does not challenge the fact that he has at least "three strikes."

Mulazim also has not alleged any facts to establish that he is in imminent danger of serious physical injury, and thus he does not fit within the exception to the statutory mandate that prohibits him from proceeding in forma pauperis in light of his three prior frivolity dismissals. Mulazim argues that he was stabbed by an inmate of a competing religious faction in 1986. An assault that occurred over fifteen years ago does not constitute imminent danger of serious physical injury.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth by the district court in its opinion and order of February 22, 2002.